UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : NO. 3:96CR114(EBB) |
| ALONZO GREGORY | : |

RULING ON MOTION TO REDUCE SENTENCE
RE. CRACK COCAINE OFFENSES

This court sentenced defendant on November 14, 1997, to 262 months of incarceration for possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). The sentence was at the bottom of the then-effective range for crack cocaine offenses.

Defendant has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Kimbrough v. United States, 128 S. CT. 58 (2007). Defendant's new guideline range is 210 to 262 months and he seeks a reduction at a minimum to 210 months but also seeks a reduction which takes into consideration "the unfairness and lack of legitimate basis of the guidelines crack/powder ratio in sentencing a newly convicted crack cocaine defendant."

In determining the appropriate modification of the sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a) which includes, inter alia, the need for the sentence imposed to protect the public from further crimes of the defendant.

Defendant's criminal history category VI includes six convictions in instances where the defendant robbed a victim, at gunpoint, and two convictions for assault of a female victim.

Since his conviction in the instant matter, defendant, while at USP Beaumont, was involved in an assault with serious injury on May 28, 2006. He was also found guilty of fighting with another person on July 20, 2000, for which he received twenty-five days of disciplinary segregation and was transferred from FCI Raybrook. On July 17, 2002, while incarcerated at FCI Cumberland, defendant was also involved in a fight with another inmate whom he struck in the facial area with a closed first, resulting in minor injuries. As of June 6, 2008, defendant was placed in the Special Housing Unit at FCI Allenwood.

Defendant's prior criminal record, as well as his behavior while incarcerated on the instant offense, indicates the need to protect the public from further crimes. It is noted that his sentence is at the top of the now-current guideline range and the court declines to reduce his sentence.

The motion [Dec. No. 114] is denied.

SO ORDERED.

 /s/ Ellen Bree Burns, SUSDJ
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this 22nd day of December, 2008.