UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 3:96CR114(EBB) |
| ALONZO GREGORY | : | |

RULING ON MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582

Pending before the Court is the motion of the defendant, Alonzo Gregory ("Gregory"), for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines").

On November 14, 1997, the Court sentenced Gregory to 262 months' incarceration after he pleaded guilty to possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1] His sentence was at the bottom of the then-effective guideline range of 262 to 327 months, which was based on a total offense level of 34 and a criminal history category VI. At his sentencing hearing, the Court heard extensive testimony presented by the government and found that Gregory was responsible for approximately 112 grams of cocaine base and three firearms which had been seized from his apartment. His criminal history category was VI based on, among other things, his membership in a street gang and thirteen prior criminal convictions for burglary, larceny, weapons, assault, robbery, forgery and breach of peace. Also, at the time of sentencing, he had pending state charges for drugs and firearms.

---

[1] After entering his plea, Gregory moved to withdraw it. His motion was denied. It did, however, result in the Court's finding that he did not qualify for a downward adjustment for acceptance of responsibility.

On appeal, the Second Circuit affirmed his conviction and sentence. Previously, in December 2008, the Court denied Gregory's § 3582(c) motion for a reduction in sentence in accordance with Amendment 706 of the Sentencing Guidelines. Although the Court determined that Gregory was eligible for a sentence reduction,[2] it concluded that his lengthy criminal history and bureau of prisons records reflected a need to protect the public from further crimes and denied him a sentence reduction for public safety reasons.[3] The Second Circuit affirmed the Court's decision, holding that the Court did not abuse its discretion and appropriately considered the factors in 18 U.S.C. § 3553(a) and the commentary to U.S.S.G. § 1B1.10 in denying Gregory a sentence reduction. United States v. Gregory, 09-0312-cr (2d Cir. Oct. 28, 2009).

Gregory now seeks a reduction in sentence under Amendment 750 to the Sentencing Guidelines. Amendment 750, which was enacted pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub.L.No. 111-220, 124 Stat 2372 (2010), made retroactive changes to the guidelines' drug quantity tables for crack cocaine offenses to implement the FSA's changes to the mandatory minimum sentences set forth in 21 U.S.C. § 841(b).

*Discussion*

Amendment 750 reduced the base offense levels corresponding to the crack cocaine quantity ranges set forth in § 2D1.1(c)'s drug quantity table. U.S.S.G. App. C, Amend. 750. The

---

[2] Based on the amended drug quantity tables, the court calculated that his total offense level was 32 and his amended guideline sentencing range was 210 to 262 months.

[3] The Court expressly noted that Gregory's prior criminal history included "six convictions in instances where the defendant robbed a victim at gunpoint and two convictions for assault of a female victim." The Court also noted that while in prison, Gregory had been involved in an assault with a serious injury in 2006 and two fights with other inmates in 2000 and 2002.

applicable guideline policy statement provides that, in considering whether a reduction under Amendment 750 is warranted, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced" and "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. §§ 1B1.10(b)(2)(A), 1B1.10(a)(3). The amended guideline range is calculated by substituting the amended offense levels of § 2D1.1(c), while leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment has the effect of reducing the defendant's guideline sentencing range, the court has discretion to reduce the sentence.

Under Amendment 750, Gregory's § 2D1.1(c) total offense level is reduced to 30, his criminal history category remains at VI and his applicable guideline sentencing range is reduced to 168 to 210 months. In determining whether a sentence reduction is warranted in this case, the Court must consider the relevant factors set forth in § 3553(a), including the nature and seriousness of the danger posed by the defendant to the community and his post-sentencing conduct. U.S.S.G. § 1B1.10 cmt N.1(B)(ii)-(iii).

As previously noted, Gregory's criminal history category VI reflects six convictions in instances where the defendant robbed a victim, at gunpoint, and two convictions for assault of a female victim. Since his incarceration, Gregory's bureau of prison records reflect nine separate disciplinary incidents, six of which involved violent conduct.[4] Specifically, as noted in the

---

[4] His other three disciplinary incidents are (1) refusing to obey an order in April 2000, (2) failing to stand count in August 2000 and (3) giving/accepting money without authority in April 2000. These three incidents resulted in a total of 30 days disciplinary segregation and loss of

3

Court's ruling denying his sentence reduction under Amendment 706, Gregory was sanctioned for (1) assault causing serious injury in May 2006, (2) fighting with another person in July 2002, (3) fighting with another person in July 2000, and (4) fighting with another person in August 2000. For these four incidents he received a total of 80 days of disciplinary segregation and lost telephone, visiting and commissary privileges, lost good time credit and a prison transfer and placement in a special housing unit.

In the three years since the Court denied him a sentence reduction on public safety grounds, Gregory's prison records dated August 8, 2011 show two additional disciplinary incidents involving violent conduct: (1) in December 2008 he was sanctioned for fighting and causing injury to another person for which he received 30 days disciplinary segregation, and (2) in March 2009 he was sanctioned for threatening a prison guard with bodily injury for which he also received 30 days disciplinary segregation.  These two recent incidents also resulted in loss of privileges and loss of good time credit.

In addition, Gregory's prison progress report shows that he had not participated or enrolled in any programs since February 2010; had no consistent institution work history and had lapses in employment due to disciplinary sanctions.  More significant, despite his unit team's recommendation that he enroll in anger management courses, he had not done so.

Given Gregory's prior criminal record, as well as his violent behavior while incarcerated on the instant offense, the Court, upon consideration of all the § 3553(a) factors -- especially the nature and seriousness of the danger posed by the defendant to the community -- finds there is still a continuing need to protect the public from further crimes and thus a sentence reduction

---

privileges.

under Amendment 750 is not appropriate for public safety reasons.

Gregory's motion [doc. 130] is, therefore, denied.

SO ORDERED.

/s/_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, Connecticut this 22nd day of June, 2012.